

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS

XXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Maureen Moore
Commissioner
Bureau of Labor
Statistics
Austin, Texas

Dear Miss Moore:

Opinion No. O-7368
Re:  Authority to grant temporary ex-
emption for female employees from
Sections 1, 2, 3, 4, 5, and 13 of
Senate Bill No. 129, 48th Legislature,
when the last temporary exemption ex-
pired February 15, 1946.

        Your request for our opinion on the above captioned
matter has been received by this department.  We quote from
your letter as follows:

        "We would thank you to give us an opinion on
the following fact situation submitted to us by
the Southern Pine Lumber Company of Diboll, Texas,
wherein they write us as follows:

        "'On February 15, 1945, we made application to
your department for exemption for female employees
from Sections 1, 2, 3, 4, 5, and 13 of Senate Bill
No. 129 as enacted by the Forty-Eighth Legislature.
After an investigation was made we were granted the
exemption, File No. 301, and were subsequently granted
several 30-day temporary exemptions, the last expiring
February 15, 1946.

        "'We did not ask for renewal of the last temporary
exemption granted us for the reason that at that time
our manufacturing plant was only working nine hours
per day and did not exceed fifty-four hours per week.
When we first made application for exemption we were
employing seventy females in our manufacturing plant,
and we reduced this number as rapidly and as consist-
ently as male labor was available.  We are now operat-
ing our manufacturing plant ten hours per day and fifty
hours per week.  We have only one female employee now in
the manufacturing plant, and it is not possible to em-
ploy her only nine hours per day when the regular run is
ten hours.  This employee is giving excellent satisfac-
tion; has been with us for a long time; and we do not
feel justified in discontinuing her services as we have
never considered her a temporary employee.'"

        It appears from the above facts that only one female em-
ployee is now employed and she in the manufacturing plant of the
lumber company.

Senate Bill No. 129, passed by the 48th Legislature, concerns the hours of labor of female employees. The sections pertinent to this inquiry are as follows:

"Section 1.  No female shall be employed in any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, beauty shop, road side drink and/or food vending establishment, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine (9) hours in any one calendar day, nor more than fifty-four (54) hours in any one calendar week.

"Sec. 2. . . .
"Sec. 3. . . .
"Sec. 4. . . .

"Sec. 5.  The four preceding Sections shall not apply to stenographers and pharmacists, nor to mercantile establishments, nor telephone and telegraph companies in rural districts, and in cities or towns or villages of less than three thousand (3,000) inhabitants as shown by the last preceding Federal Census, nor to superintendents, matrons and nurses and attendants employed by, in, and about such orphans' homes as are charitable institutions not run for profit, and not operated by the State.  In  cases of extraordinary emergencies, such as great public calamities, or where it becomes necessary for the protection of human life or property, longer hours may be worked; but for such time not less than double time shall be paid such female with her consent.

"Sec. 6.  In addition to the foregoing exemptions, in time of war and/or when the President of the United States proclaims a state of national emergency to exist, female workers employed in industries coming within the jurisdiction of the Fair Labor Standards Act of 1938 and amendments thereto, the Act of June 30th, 1936, C. 881, 49 Statute 2036, U.S. Code, Supplement II, Title 41, Paragraph 35-45, as amended by Act of May 13, 1942, Public No. 552, 77th Congress, 2nd Session, commonly known as the Walsh-Healey Act, or the Act of March 3, 1931, C. 411, 46 Statute 1494, as amended August 30, 1935, C. 825, 49 Statute 1011, U.S. Code Title 40, Paragraph 276A and Supplement V, Title 40, Paragraph 276A-276A-6, commonly known as the Bacon-Davis Act, are exempted from the provisions of Sections 1, 2, 3, 4, 5, and 13 of this Act, and female workers in such industries may be employed not exceeding ten (10) hours per day provided such hours of employment

in such industries are not injurious to the health or morals of female employees, or working such hours does not add to the hazards of their occupations and such hours of employment are in the public interest.  Provided, however, that in time of war and/or when the President of the United States proclaims a state of national emergency to exist, all female office employees of such employers coming within the purview of Section 6 hereof are exempt from the provisions of this Act.

"Sec. 7.
"Sec. 8.
"Sec. 9.  <u>In time of war the Commissioner of Labor Statistics may, based upon private investigation and without notice or hearing, if he finds that the employment of female employees in any designated industry for ten (10) hours per day will not injure the health or morals and/or add to the hazards of their occupation, and that such hours of labor are in the public interest, file his findings as required herein, and make an order granting an exemption;</u> and the employer affected shall be exempt for thirty (30) days from the provisions of this Act, during which time if further exemption is desired by employers affected, notice and hearing as provided herein shall be had as though no temporary exemption had previously been in effect."  (emphasis added)

Sec. 9 of Senate Bill No. 129 (Art. 5172a, Vernon's Annotated Civil Statutes, 1925) gives to the Commissioner of Labor Statistics the power to grant exemptions in time of war to any designated industry provided certain findings, set forth in the same section, are made.  In the case before us the female employee is working in the manufacturing plant of a lumber mill, and since Sec. 1 of the above Article includes mills, the industry is clearly a designated industry under the provisions of Sec. 9.  It therefore appears that under the particular set of facts submitted in your letter you have authority to grant the requested exemption under Sec. 9, provided we conclude that we are now in a time of war as required by the prefatory phrase of this section.

This department has held in several opinions that a war is not concluded in the legal sense until some formal action by a competent authority terminating the war and re-establishing peace is had.  The 77th Congress of the United States, by joint resolution, formally declared a state of war between the United States and certain foreign governments.  To date, neither Congress nor the President has formally declared a termination of these wars.

It is the privince of the political department, and not the judicial department, to determine when war is at an end. The Protector, 12 Wall. (U.S.) 700, 20 L.Ed. 463; Perkins v. Rogers, 35 Ind. 124, 9 Am.Rep. 639; Kneeland-Gibelow Co. v. Michigan Central R.R. Co., 207 Mich. 546, 174 N.W. 605. A number of cases hold that World War I terminated by the joint resolution of Congress of July 2, 1921. See Clemens v. Perry, 51 S.W. (2d) 267 and Simmerman v. Hicks, 7 F (2d) 443.

It is our opinion, therefore, that the present war has not yet been legally concluded and cannot be considered as concluded in the legal sense even though hostilities are at an end. It is our further opinion that if upon private investigation you find that the employment of the female employee in question for ten (10) hours per day will not impair her health or morals and/or add to the hazards of her occupation; and further that such hours of labor are in the public interest, then you may grant such an exemption in accordance with the other provisions of Senate Bill No. 129.

We trust that what we have said is a sufficient and satisfactory answer to your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence Y. Mills
Clarence Y. Mills, Assistant

CYM:LJ:wb

APPROVED, OCT 25, 1946
/s/ Harris Toler
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN